UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBETTE BYARD,

            Plaintiff,                      Case No. 1:04-CV-420

v.                                           Hon. Richard Alan Enslen

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.
_____/

**<u>JUDGMENT</u>**

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. The matter was referred to United States Magistrate Judge Ellen S. Carmody, who issued a Report and Recommendation ("Report") to affirm the decision of the Commissioner. The matter presently is before the Court on Plaintiff's objections to the Report.

      This Court reviews *de novo* those portions of a Report to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence

supporting that decision. *See Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

Plaintiff's objection is highly qualified. She asks the Court to reevaluate the Commissioner's decision based on a decision issued by Administrative Law Judge ("ALJ") William King, Jr. on April 20, 2006, which concluded that Plaintiff became disabled on Janaury 26, 2004, after the period for which the instant decision was issued. She acknowledges, however, that this Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the hearing process, *see Willbanks v. Secretary of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988), and that this Court is barred from considering evidence that was not reviewed by the ALJ, *see Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993).

As Plaintiff's own qualifications to her objection imply, the objection is without merit. The decision of a different ALJ based on a different period of eligibility and arising out of a different claim for benefits subsequent to the claim for benefits pending before the Court may not be considered by the Court and does not undermine either the conclusions of the Commissioner or of the Magistrate Judge. The Commissioner both applied the proper legal standards and relied upon substantial supporting evidence. The Court carefully has considered Plaintiff's objection and finds no error in the reasoning of the Magistrate Judge. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 35) are **DENIED**, the Report and Recommendation (Dkt. No. 26) is **ADOPTED** and the Commissioner of Social Security's decision to deny benefits is **AFFIRMED**.

DATED in Kalamazoo, MI:    /s/ Paul L. Maloney for
November 3, 2008    RICHARD ALAN ENSLEN
    SENIOR UNITED STATES DISTRICT JUDGE